Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Case No.: CAL22-11167

Other Reference No.(s): _____

Child Support Enforcement Number: _____

Date issued: March 31, 2022

To: J+T Trucking
Serve On: J+T Trucking / Abbas ALramahi
11627 E. 24th Street S
Independence, M.O. 64052

# WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this Court, to the attached complaint filed by;

Hattie Durham
6705 El Paso Street
Landover, MD 20785

This summons is effective for service only if served within 60 days after the date it is issued.

_____
Clerk of the Circuit Court  #3

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Case No.: CAL22-11167

Other Reference No.(s): _____

Child Support Enforcement Number: _____

Date issued: March 31, 2022

To: Abbas Almahi
11627 E. 24th Street S.
Independence, MO 64052

# WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this Court, to the attached complaint filed by;

Hattie Durham
6705 El Paso Street
Landover, MD 20785

This summons is effective for service only if served within 60 days after the date it is issued.

_____
Clerk of the Circuit Court

#503

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

**HATTIE DURHAM**
6705 El Paso Street
Landover, Maryland 20785
        Plaintiff,

v.

**ABBAS ALRAMAHI**
11627 E 24th Street S
Independence, Missouri 64052
        Defendant,

AND

**J & T TRUCKING**
11627 E 24th Street S
Independence, Missouri 64052
        Defendant.

SERVE ON:
    **J & T TRUCKING/ ABBAS ALRAMAHI**
    11627 E 24th Street S
    Independence, Missouri 64052

Case No. CAL22-11167

## COMPLAINT

TO THE HONORABLE, THE JUDGE OF SAID COURT:

    HATTIE DURHAM, PLAINTIFF, by Burridge duBois, Esquire, her attorney, brings forth this Complaint to sue ABBAS ALRAMAHI and J & T TRUCKING, Defendants, and respectfully states:

## FACTS

1. Plaintiff, Hattie Durham, is a lifelong resident of Prince George's County Maryland. She started and retired from a career, bought a home, and raised a family in the county. Ms.

1

Durham had an illustrious career as a head of a typist group that created speeches on Capitol Hill, Washington DC. Her specialty was her excellent mind, vocabulary, sense of style and personality. She rose in the ranks and was well loved on Capitol Hill. Besides her career she raised her family and took great care of her home. She is a proud mother, grandmother, and an active community member. She loves to travel and has never been comfortable staying still and not seeing the world.

2. The day of the accident Plaintiff, Hattie Durham, was driving her personal vehicle that she dearly loved and had owned in her words" forever." She had purchased it herself and kept it is pristine condition. Because no car was going to be exactly what she wanted, this was the car that she kept and refused to buy another one as this car held all of her fond memories of hitting the roads to explore.

3. Plaintiff, Hattie Durham, is an enthusiastic member of her church community and, now that she was retired, went to daily bible study.

4. On a sunny Tuesday, April 1, 2019, at approximately 1:10 pm, Plaintiff, Hattie Durham, was a driver in her personal vehicle, her beloved Toyota Camry. She was stationary, in her proper lane, at a light waiting for the light to permit her turn right onto Columbia Park Road in Hyattsville, Prince George's County, Maryland. Plaintiff, Hattie Durham, had in the morning, just like every morning that she could, attended bible study at her church and was on her way back home.

5. The area and intersection that Plaintiff, Hattie Durham, was at, at the time of the occurrence, is in a residential community. Her community. Her longtime single-family home is right around the corner. There are no warehouses and no retail stores. As it is a

residential community, it was highly unusual for a tractor trailer truck to be in the neighborhood as there are, and have been as long as Plaintiff can remember, posted "NO THRU TRUCKS" signs at the intersections of the roads in this community.

6. While sitting at the light waiting for her signal, Plaintiff saw a tractor trailer truck approaching the intersection in front of her.

7. Defendant, Abbas Alramahi was driving a company tractor trailer truck for Defendant, J & T Trucking, and was traveling on Columbia Avenue and attempting to turn onto Columbia Park Road in Hyattsville, Prince George's County, Maryland at the same date and time that Plaintiff, Hattie Durham, was operating her vehicle.

8. That at the time of the accident, Plaintiff was lawfully operating her vehicle when Defendant Abbas Alramahi was driving the tractor trailer and began to turn the corner directly into Plaintiff's car.

9. Plaintiff watched as Defendant Abbas Alramahi turned the steering wheel and proceeded toward her vehicle. Plaintiff was terrified as she watched the truck approach her vehicle and felt stranded in her car as the truck kept coming. Plaintiff blew her horn repeatedly and waved her arms in an effort to get the Defendant Abbas Alramahi to stop. Defendant Abbas Alramahi looked directly at Plaintiff from his driver side window and could see her gesturing to him and he could hear the horn blowing nonstop. He witnessed her plight and began to laugh and taunt her. Defendant Abbas Alramahi repetitively bobbed his head back and forth, gestured to her all the while laughing out loud as he mimicked and mocked the Plaintiff's terror.

10. Suddenly, Defendant Abbas Alramahi's truck impacted with Plaintiff's car and as the truck

struck her vehicle there was a loud metal on metal crash that horrified the Plaintiff. The Defendant Abbas Alramahi refused to stop and kept proceeding forward although Plaintiff's vehicle was now attached to his truck. Defendant Abbas Alramahi dragged Plaintiff Hattie Durham's car, attached to the truck, down the road. All the while, as the car dragged along the road, the Plaintiff was continually attempting to hit the brake and to hold her steering wheel with a death grip to try to save herself and her car. The entire time that the driver's cab was in Plaintiff's line of sight the Defendant Abbas Alramahi was guffawing and heckling directly at her.

11. That the Plaintiff was so terrified that she passed out at the wheel of her car as she was sure she would be crushed by the mammoth truck. When she finally came to, she attempted to get out of her vehicle and pushed the button to lower her window down a bit. The driver of the truck, Defendant Abbas Alramahi, came running to her car and pushed his head into the window and said, "Damn I thought you were gone!" Defendant Abbas Alramahi was jeering at her and laughing. The Plaintiff was extremely frightened and kept attempting to close her window to keep herself away from the sneering driver.

12. Once Plaintiff regained her facilities, she was able to call the police. She remained in her vehicle as she was petrified about what else the Defendant Abbas Alramahi might do to her. The Defendant Abbas Alramahi, was nervously jumping in and out of his truck, removing things from his truck and looking around suspiciously. He kept glaring back at her, pacing back and forth and loudly yelling at her.

13. Once the officer arrived on the scene, Defendant Abbas Alramahi, sprinted to the officer and started gesturing and screaming about the Plaintiff.

4

14. That the Plaintiff attempted to get out of the vehicle, but the door was crushed from the accident, and she required assistance to pry the door open so she could crawl out of her vehicle.

15. Plaintiff, Hattie Durham, was greatly injured in the collision and had to seek medical care for her extensive injuries.

16. Defendant Abbas Alramahi was at fault for his actions in the accident and was cited for his failures.

17. That the Defendant Abbas Alramahi, failed to maintain control of his vehicle, proceeded through an intersection without stopping and slammed into the side of the vehicle in which Plaintiff, Hattie Durham, was driving.

18. That the said collision occurred in Prince George's County Maryland.

19. On information and belief, the Defendant, Abbas Alramahi, was and remains authorized to drive trucks in the State of Maryland and was and is permitted to transport goods to and from and within the State of Maryland.

20. On information and belief, the Defendant, J & T Trucking was and remains authorized to do business in the State of Maryland and doing business as, among other things, transportation of goods to and from and within the State of Maryland.

### COUNT I-NEGLIGENCE (DEFENDANT ABBAS ALRAMAHI)

Plaintiff hereby incorporates paragraphs No. 1 through No. 20 of this Complaint fully as if the allegations were set forth fully herein

5

21. That Defendant Abbas Alramahi had a duty to act reasonably and use due care while driving. Further, he had a duty to pay attention to traffic, to maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the State of Maryland, to maintain proper speed for the conditions, to reduce the speed of his vehicle to avoid an accident, to maintain a proper distance between vehicles, to stay to the right side of the road, to maintain his vehicle within his lane and to pay full time and attention to the operation of his vehicle and to avoid a collision.

22. That the said collision was directly and proximately caused by and did result from the recklessness, carelessness and negligence of the Defendant Abbas Alramahi including, but not limited to the following respects:

    a) in failing to keep said motor vehicle under proper and sufficient control

    b) in failing to keep a proper lookout;

    c) in failing to exercise ordinary care to avoid a collision;

    d) in failing to yield the right-of-way to another vehicle;

    e) in failing to obey a traffic control device;

    f) in traveling at an excessive rate of speed for the conditions then and there existing;

    g) in failing to use the highest degree of care consistent with its undertaking as a common carrier;

    h) in operating the automobile in a reckless and careless manner;

       i) and in other all respects not now known to the Plaintiff but which may become known prior to or at the time of the trial.

23. That the Defendant Abbas Alramahi breached that duty of due care by failing to pay proper attention to the roadway and the traffic, failing to maintain a proper lookout, failing to obey the traffic control device, failing to obey the laws and rules of the State of Maryland, failing to maintain proper speed for the conditions, failing to reduce speed of his vehicle to avoid an accident, failing to maintain a proper distance between vehicles, by failing to control the vehicle in order to avoid a collision, failing to maintain his vehicle in his travel lane and collided with the vehicle in which Plaintiff was travelling.

24. That as a direct and proximate cause of the negligence of Defendant Abbas Alramahi Plaintiff suffered from permanent physical injuries, conscious mental anguish, pain and suffering, out of pocket expenses and medical expenses.

25. That all of the above losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Abbas Alramahi and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff or an opportunity for Plaintiff to avoid the accident.

26. That as a direct and proximate result of the collision, Plaintiff was thrown forcibly and violently around and about the interior of the said motor vehicle;

       a) was thereby caused to sustain serious and permanent injuries to her head, neck back, body and limbs;

       b) was caused to suffer great physical pain and mental anguish;

       c) suffered shock to her nerves and nervous system;

7

      d)      was required to obtain the care and treatment of hospitals and physicians for her injuries at considerable expense;

      e)      was unable to engage in her activities for a period of time, thereby losing considerable mobility and focus;

      f)      was unable to engage in those duties, activities and pursuits for which she was and is otherwise qualified;

27. That as a result of the collision, Plaintiff, Ms. Durham's motor vehicle was extensively and permanently damaged.

28. That as a result of the collision Plaintiff, Ms. Durham was otherwise hurt, injured and damaged. She suffered greatly from her injuries from the date of the accident and continues to suffer. She lived in constant pain and was unable to participate in her life, enjoy her husband from her long marriage, spend time with her children and grandchildren, work on her home, travel or attend her beloved church.

WHEREFORE, the Plaintiff, Hattie Durham, demands judgment against Defendants, Abbas Alramahi in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus interest and the cost of this action.

**COUNT II – NEGLIGENCE (DEFENDANT J & T Trucking)**

Plaintiff hereby incorporates paragraphs No. 1 through No. 28 of this Complaint fully as if the allegations were set forth fully herein

29. Defendant J and T Trucking had a duty to Plaintiff to act reasonably.

8

30. Defendant J and T Trucking breached that duty.

31. As a direct and proximate cause of the negligence of J and T Trucking, Plaintiff suffered from permanent physical injuries, conscious mental anguish, pain and suffering and medical expenses.

32. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant J&T Trucking and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff or an opportunity for Plaintiff to avoid the accident.

WHEREFORE, Plaintiff, Hattie Durham, demands compensatory damages against Defendant J and T trucking in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

**COUNT III – NEGLIGENT ENTRUSTMENT (DEFENDANT J&T Trucking)**

Plaintiff hereby incorporates paragraphs No. 1 through No. 32 of this Complaint fully as if the allegations were set forth fully herein.

33. The injuries, harm, and damages were incurred by Plaintiff as a result of the use of the vehicle by Defendant Abbas Alramahi in a negligent and reckless manner, which because of youth, inexperience, and prior actions, Defendant J and T Trucking knew, or had reason to know, harm was likely, and Defendant Abbas Alramahi involved an unreasonable risk of harm to others while driving a truck.

34. Defendant J & T Trucking as the employer of Defendant Abbas Alramahi had the right to permit and the power to prohibit the use of this truck by Defendant Abbas Alramahi.

35. Defendant J and T Trucking knew, or had reason to know, that Defendant Abbas Alramahi because of youth, inexperience, and/ or prior actions, was likely to drive his truck in a negligent and reckless manner.

36. As a direct result of Defendant J and T Trucking negligently entrusting Defendant Abbas Alramahi, who operated said vehicle owned by Defendant J and T Trucking in a negligent and reckless manner, Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in this Complaint.

WHEREFORE, Plaintiff, Hattie Durham, demands judgment against Defendant J and T Trucking in the amount of FIVE HUNDRED THOUSAND DOLLARS ($ 500,000.00), plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

**COUNT IV– NEGLIGENT HIRING AND RETENTION (DEFENDANT J & T Trucking)**

Plaintiff hereby incorporates paragraphs No. 1 through No. 36 of this Complaint as if set forth fully herein.

37. Defendant J & T Trucking had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant J and T Trucking owed such duty to Plaintiff and such duty was breached.

38. Defendant J & T Trucking or should have known, that Defendant Abbas Alramahi, would be likely to operate a motor vehicle in a negligent and reckless manner.

39. Defendant J & T Trucking knew, or should have known, that Defendant Abbas Alramahi was not competent or fit for the duties required of him as an employee. Defendant J & T Trucking breached their duty to use reasonable care to select and retain an employee that was competent and fit for the position.

40. As a result of Defendant J & T Trucking negligence in hiring and retaining Defendant Abbas Alramahi, Plaintiff Hattie Durham was injured as alleged.

WHEREFORE, Plaintiff, Hattie Durham demands judgment against Defendant J & T Trucking in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus costs, prejudgment interest, and post-judgment interest as this Court deems appropriate.

**COUNT V– AGENCY (DEFENDANT J and T Trucking)**

Plaintiff hereby incorporates paragraphs No. 1 through No. 40 of this Complaint as if set forth fully herein.

41. The above-described acts of Defendant Abbas Alramahi were committed while he was acting as an agent, servant, and or employee of Defendant J& T Trucking.

11

42. The above-described acts of Defendant Abbas Alramahi were committed within the scope of his agency and while furthering the business interests of Defendant J & T Trucking.

43. As the principals for Defendant Abbas Alramahi, Defendant J & T Trucking is responsible for all of the acts committed by Defendant Abbas Alramahi within the scope of his agency.

WHEREFORE, Plaintiff, Hattie Durham, demands judgment against Defendant J & T Trucking, in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus costs, pre-judgment interest, and post-judgment interest as this Court deems appropriate.

Respectfully submitted,

Burridge duBois, Esq.
CPF# 0212170232
Attorney and Counselor at Law
14300 Gallant Fox Lane, Suite 103
Bowie, Maryland 20715
(O) (301) 464-3900 (x 30)
(F) (301) 464-7357
*duboislawsolutions@gmail.com*
Attorney for Plaintiff

## PLAINTIFF'S REQUEST FOR JURY TRIAL

Plaintiff, Hattie Durham, pursuant to Maryland Rule 2-325, prays a trial by jury on all issues.

Respectfully submitted,

Burridge duBois, Esq.
CPF# 0212170232
Attorney and Counselor at Law
14300 Gallant Fox Lane, Suite 103
Bowie, Maryland 20715
(O) (301) 464-3900 (x 30)
(F) (301) 464-7357
*duboislawsolutions@gmail.com*
Attorney for Plaintiff

IN THE CIRCUIT COURT FOR Prince George's County
(City or County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT      CASE NUMBER CAL 22-11167 (Clerk to insert)
CASE NAME: Hattie Durham                    vs.   Abbas Alramahi
                  Plaintiff                              Defendant
PARTY'S NAME: Hattie Durham                        PHONE:
PARTY'S ADDRESS: 6705 El Paso Street Landover, Maryland 20785
PARTY'S E-MAIL:

**If represented by an attorney:**
PARTY'S ATTTORNEY'S NAME: Burridge duBois              PHONE: 301-464-3900 ( x 30)
PARTY'S ATTTORNEY'S ADDRESS: 14300 Gallant Fox Lane, Suite 103 Bowie, Maryland 20715
PARTY'S ATTTORNEY'S E-MAIL: duboislawsolutions@gmail.com
JURY DEMAND? ☒ Yes ☐ No
RELATED CASE PENDING? ☐ Yes ☒ No  If yes, Case #(s), if known: _____
ANTICIPATED LENGTH OF TRIAL?: 5 hours 2 days

### PLEADING TYPE
New Case:   ☒ Original          ☐ Administrative Appeal   ☐ Appeal
Existing Case: ☐ Post-Judgment  ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt:_____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☒ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specfic Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assupmtion of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 10/2021)                    Page 1 of 3

### IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☒ Damages-Compensatory
- ☒ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Financial Exploitation
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☒ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☒ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

### MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000   ☐ $10,000 - $30,000   ☐ $30,000 - $100,000   ☒ Over $100,000

☒ Medical Bills $ TBD   ☐ Wage Loss $ _____   ☒ Property Damages $ TBD

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation   ☐ Yes ☒ No   C. Settlement Conference   ☒ Yes ☐ No
B. Arbitration   ☐ Yes ☒ No   D. Neutral Evaluation   ☐ Yes ☒ No

### SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

### ESTIMATED LENGTH OF TRIAL

With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.

*(Case will be tracked accordingly)*

☐ 1/2 day of trial or less   ☐ 3 days of trial time
☐ 1 day of trial time   ☐ More than 3 days of trial time
☒ 2 days of trial time

### BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.

☐ **Expedited** - Trial within 7 months of Defendant's response   ☐ **Standard** - Trial within 18 months of Defendant's response

### EMERGENCY RELIEF REQUESTED

CC-DCM-002 (Rev. 10/2021)                                   Page 2 of 3

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff_____ |
| ☐ Tax Sale Forclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

March 30, 2022
Date

Signature of Counsel / Party

0212170232
Attorney Number

14300 Gallant Fox Lane, Suite 103
Address

Burridge duBois, Esquire
Printed Name

Bowie        Maryland   20715
City          State      Zip Code

CC-DCM-002 (Rev. 10/2021)

Page 3 of 3